

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe Fultz
County Attorney
Grimes County
Anderson, Texas

Dear Sir:

Opinion No. O-4155
Re: Liability of the State of
Texas for damages result-
ing from a failure to pro-
perly place a culvert under
a designated State Highway
at the time of its construc-
tion which highway was con-
structed by the county and
subsequent thereto its main-
tenance taken over by the
State Highway Department.

We are in receipt of your letter of October 17,
1941, which is as follows:

"I shall thank you to render me an opinion
on the following question under the following
statement of facts:

"In the year 1925, Grimes County acquired
by purchase the right-of-way of what is now des-
ignated as 'State Highway No. 6' leading from
Navasota to the Waller County line in the direc-
tion of the town of Hempstead. Road superinten-
dents of Grimes County supervised the construc-
tion of the highway. Federal funds supplemented
Grimes County funds. As a result of the build-
ing of the highway, the natural flow of a small
auxiliary creek was changed by a failure to pro-
perly place a culvert through a ramp. Since the
construction of the highway, the State Highway
Department has taken over the maintenance of the
highway and has continuously maintained the road
for the past fifteen years. Damage has now re-
sulted to an adjacent landowner, and this damage
is directly attributable to the failure to put a
culvert in.

QUESTION; Is Grimes County or the State
of Texas liable for damages resulting from a
failure to properly place a culvert under a desig-
nated State Highway, provided permission to bring
suit is obtained?

"This question does not seem to have ever a-
risen in the reported cases.

"The argument from the county's side is this:
Full management and control of the highway is exer-
cised by the State Highway Department. Grimes
County no longer has any authority in the pre-
mises; and therefore it appears that the State
Highway Department is liable. The State Highway
Department has since reconstructed the right-of-
way in the immediate vicinity of the damaged pro-
perty.

"The change in control of the highway is
what makes the problem complex. I find no stat-
ute touching the question."

Upon this state of facts you have submitted to us the
following question:

"QUESTION: Is Grimes County or the State of
Texas liable for damages resulting from a failure
to properly place a culvert under a designated
State Highway, provided permission to bring suit
is obtained?"

Subsequent to receiving your letter of October 17,
1941, we wrote you on November 18, 1941, requesting that your
advise us whether the reconstruction or maintenance of the high-
way in question by the State Highway Department in any manner
caused the damage in question and whether or not the culvert in
question was changed or reconstructed in any manner. In reply
to this inquiry on November 25, 1941, you wrote us as follows:

"This is in answer to your letter dated
November 18th asking whether or not the recon-
struction of the highway by the State Highway De-
partment in any manner caused the damage in ques-
tion and whether or not the culvert in question

was changed or reconstructed in any manner.

"To both of these questions the answeriif 'No'. The Highway Department has merely maintained the particular section of the highway. Heavy rains each year wear the embankment down considerably, and naturally new dirt and fill are used to periodically restore the embankment. So the statement: 'The State Highway Department has since reconstructed the right-of-way in the immediate vicinity of the damaged property' simply means that the department has maintained it.

"It is true that Grimes County constructed the culvert in question where it now is. The Highway is now a main arterial highway, and was taken over by the State Highway Department very soon after its completion by Grimes County.

"I shall gladly answer any further questions which you may have."

We have been unable to find any controlling statutes covering the situation presented by your letter nor have we been able to find any reported case dealing with the express question presented, however by the Acts 1f 1925, 39th Legislature, Chapter 186, page 456, Section 2, being Article 6674b, of Vernon's Revised Civil Statutes of 1925, the Legislature provided that all highways in this State included in the plan providing a system of State Highways as prepared by the State Highway Engineer in accordance with Section 11 of Chapter 190 of the General Laws of the Regular Session of the 35th Legislature, are hereby designated as the State Highway System.

Chapter 186, pages 456-458 of the Acts of the 39th Legislature of 1925, being Article 6674c through 6674n, together with amendments thereto, provide for the location, relocation, construction and maintenance of all State highways by the Highway Department. Commissioners' Court of counties of this State have never exercised any jurisdiction over State highways except by virtue of the laws of the State as enacted by the Legislature, and the Legislature has authority to take away the jurisdiction once conferred upon commissioners' courts over public highways of the State, and this the Legislature has done by Article 6674b through 6674n of the Revised Civil Statutes of Texas of 1925. Heathman v. Singletary (Comm. App.) 12 S.W. (2d)

150. As a result of this vesting of exclusive jurisdiction over the location, relocation, construction and maintenance of State highways in the State Highway Department, the State and not the counties are liable for damages to private property resulting from the construction and maintenance of State highways. Wilbarger County v. Hall, (Comm. App.) 55 S.W. (2d) 797. This rule however would not apply in our opinion where the damage by the county rather than from the maintenance of such highway by the State Highway Department.

It is our understanding from your letters above quoted that the highway in question was originally built by Grimes County, and that the failure at the time of such construction to provide a culvert in said highway has diverted certain water resulting in damage to abutting property. Subsequent to the construction of said highway by the county the State Highway Department took same over and has maintained it since such time. This being the case it is our opinion that the damage, if any, to the abutting property by virture of failure to install a culvert resulted immediately upon completion of the highway although water may not have been diverted by it until some subsequent time. Therefore, we are of the opinion that the damage resulted from the construction and not from the maintenance of such highway.

You are, therefore, advised that it is the opinion of this department that under the facts set forth the county and not the State is liable for any damage resulting from the failure to provide the culvert in question.

We trust that this fully answers the question presented by you.

APPROVED DEC 11, 1941

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

DEB:db

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Douglas E. Bergman
Assistant

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN